UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TANISHA HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00119-SRC |
| | ) | |
| DOMINIQUE MCCULLUM and | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, S.I., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>Memorandum and Order</u>**

Tanisha Hudson sues American Family Insurance Company for breach of an insurance contract, as well as vexatious refusal to pay an insurance claim.  American Family moves to dismiss the vexatious-refusal claim, arguing that Hudson's alternative allegations regarding liability doom her claim.  American Family also moves to strike from Hudson's pleading any references to Missouri's Unfair Claims Settlement Practices Act, asserting that the Act provides no private right of action.  For the reasons that follow, the Court denies both motions.

**I.      Background**

**A.      Factual background**

The Court accepts the following well-pleaded facts as true for purposes of the motion to dismiss.  Hudson is a Missouri citizen who resides in St. Charles County.  Doc. 8 at ¶ 1.  She alleges that, in August 2024, she was driving her vehicle along Interstate 70 in St. Louis City. *Id.* at ¶¶ 5, 7.  Hudson next alleges that, as she was approaching the Adelaide Avenue exit, Dominique McCullum swerved her vehicle into Hudson's lane of traffic, striking Hudson's vehicle.  *Id.* at ¶¶ 8–9, 11–12.

In the alternative, Hudson alleges that an "unidentified vehicle," also traveling along Interstate 70 toward the Adelaide Avenue exit, swerved into McCullum's lane of traffic, thus causing McCullum to swerve into Hudson's lane to avoid a collision. *Id.* at ¶¶ 19–21. McCullum's vehicle then collided with Hudson's vehicle. *Id.* at ¶ 25. The unidentified vehicle left the scene, leaving the identity of the driver unknown. *Id.* at ¶ 22. Because of this, Hudson alleges that the unidentified driver was "not covered under any identifiable automobile insurance policy." *Id.* at ¶ 23.

Hudson suffered injuries from this collision, including "painful, progressive, and permanent injuries to her cervical spine, right leg, and right knee." *Id.* at ¶ 14. These injuries "limited [Hudson's] use of said parts of her body" and required her to seek medical treatment. *Id.* at ¶¶ 15–16.

Hudson also alleges that, "[a]t all times relevant," her sister Taneile Hudson had an insurance policy with American Family, under which Hudson was a named insured. *Id.* at ¶¶ 28–30. This policy included uninsured motorist coverage of up to $100,000 per person and $300,000 per occurrence, *id.* at ¶¶ 28, 31, and was "in full force and effect on the date of the crash," *id.* at ¶ 32. Despite Hudson's performing all conditions precedent, she claims, American Family failed to pay her under the terms of the uninsured motorist provisions of the insurance policy. *Id.* at ¶¶ 33–34. Hudson therefore sues McCullum for negligence, *id.* at ¶¶ 1–16, and sues American Family for breach of contract and vexatious refusal to pay, *id.* at ¶¶ 17–57.

### B.     Procedural background

Hudson initially filed this case in the Circuit Court of St. Louis City in December 2025. *See* doc. 8. American Family removed the case to federal court six weeks later. *See* doc. 1. The same day it filed its Notice of Removal, American Family also filed a Motion to Dismiss Count

2

III of Plaintiff's Petition Pursuant to 12(b)(6), doc. 6, and a Motion to Strike References to Mo. Rev. Stat. § 375.1007, *id.* Hudson timely filed her response in opposition to the motions, doc. 13, and American Family did not file a reply, rendering the motions ripe for the Court's review.

## II.   Standard

### A.   Motion to dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Rule 8(a)(2) requires a plaintiff to give "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (citation omitted). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *See Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677–78.

### B.      Motion to strike

Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Though district courts enjoy "liberal discretion" to strike pleadings under that rule, *Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citation omitted), motions to strike nevertheless "are viewed with disfavor and are infrequently granted," *id.* (citation omitted); *see also* 5C *Wright & Miller's Federal Practice & Procedure* § 1382 (3d ed. 2025) (noting that motions to strike should generally be denied "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action"). Still, striking portions of a complaint may sometimes be appropriate "when a portion of the complaint lacks a legal basis." *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1092 (8th Cir. 2021).

## III.    Discussion

### A.      Motion to dismiss

American Family first asks the Court to dismiss Count III of Hudson's Petition—the vexatious-refusal-to-pay claim. Doc. 6 at 2. Under Missouri law, a claim for vexatious refusal requires a plaintiff to plead and ultimately prove that (1) she had an insurance policy with the insurer; (2) the insurer refused to pay; and (3) this refusal was without reasonable cause or excuse. *See Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 457 (Mo. 2006); Mo. Rev. Stat. § 375.420.

Here, American Family argues that, because Hudson pleaded in the alternative that "McCullum's negligence solely caused her damages," the face of Hudson's Petition makes clear "that American Family had reasonable cause to deny her claim" for vexatious refusal.  Doc. 6 at 3.  Hudson counters that American Family's argument belongs in a motion for summary judgment, rather than a motion to dismiss, because the basis of American Family's assertion is that Hudson "cannot prove all three elements" of a vexatious-refusal-to-pay claim.  *See* doc. 13 at 2.  Hudson then asserts that she has properly pleaded all the elements required under Mo. Rev. Stat. § 375.420.  *Id.* at 4–6.

The Court agrees with Hudson.  As American Family recognizes, *see* doc. 6 at 3, the Federal Rules of Civil Procedure allow Hudson to plead in the alternative.  *See* Fed. R. Civ. P. 8(d)(2) (noting that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically"); Fed. R. Civ. P. 20(a)(2)(A) (noting that defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative" regarding the same transaction or occurrence).

The Court finds that Hudson has properly pleaded the elements of a vexatious-refusal-to-pay claim.  She alleges that (1) at the time of the collision, she had an insurance policy with American Family through her sister Taneile, doc. 8 at ¶¶ 28–32; (2) following the collision, American Family refused to pay Hudson any money under the policy, *id.* at ¶¶ 33–38; and (3) in refusing to pay Hudson under the policy, American Family acted without reasonable cause or excuse by, among other things, refusing to investigate the extent of Hudson's damages and physical injuries, *id.* at ¶¶ 54–55.  Accepting these allegations as true, *see Iqbal*, 556 U.S. at 678, the Court finds that Hudson has adequately pleaded all the elements of a vexatious-refusal claim, *see Dhyne*, 188 S.W.3d at 457; Mo. Rev. Stat. § 375.420.

Considering the foregoing, the Court reads American Family's argument as an invitation to opine on the merits of Hudson's vexatious-refusal claim, which the Court declines to do.  A motion to dismiss under Rule 12(b)(6) is used to resolve legal issues.  *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").  Whether an insurer acted "without reasonable cause or excuse" for purposes of a vexatious-refusal claim, however, is a factual issue best left for a jury or a motion for summary judgment.  *See May & May Trucking, L.L.C. v. Progressive Nw. Ins. Co.*, 429 S.W.3d 511, 516 (Mo. Ct. App. 2014) ("Generally, whether an insurer acted reasonably is a question of fact for the jury . . . .  However, in cases in which the underlying facts are undisputed, that question of fact becomes a question of law for the court to properly decide" on summary judgment.).  The Court thus denies American Family's motion to dismiss.  Doc. 6.

### B.      Motion to strike

American Family next asks the Court to strike the portions of Hudson's Petition that reference Missouri's Unfair Claims Settlement Practices Act, Mo. Rev. Stat. § 375.1007.  Doc. 6 at 3.  Such references are improper, American Family argues, because the Act does not provide a private right of action.  *Id.*  While Hudson recognizes that the Act leaves her without a private right of action, she argues that she uses American Family's alleged violations of the Act "to exemplify [American Family's] vexatious behavior, not to create a separate cause of action for the violation(s) of the Act, itself."  Doc. 13 at 7 (emphasis removed).  She further asserts that Missouri courts "allow for this type of exemplification and distinguish between the creation of a new, independent statutory right of action and utilizing statutory language *within* a cause of action."  *Id.* at 8 (emphasis in original).

The Court finds striking Hudson's allegations inappropriate.  True, Missouri's Unfair Claims Settlement Practices Act does not provide a private right of action.  *See* Mo. Rev. Stat. § 375.1000(2) ("Nothing in sections 375.1000 to 375.1018 shall be construed to create or imply a private cause of action for violation of sections 375.1000 to 375.1018.").  But an insurer's violation of the Act may be relevant for another purpose, such as supporting (at least in part) a claim for vexatious refusal to pay.  *See Stark Liquidation Co. v. Florists' Mut. Ins. Co.*, 243 S.W.3d 385, 400–01 (Mo. Ct. App. 2007); *Am. Fam. Mut. Ins. Co. v. Miller*, No. 4:15-cv-01127-DDN, 2016 WL 931194, at *2 (E.D. Mo. Mar. 11, 2016).  The Court thus finds that Hudson's allegations are not so "immaterial, impertinent, or scandalous" as to warrant striking them.  Fed. R. Civ. P. 12(f).  Therefore, the Court denies American Family's motion to strike.  Doc. 6.

## IV.    Conclusion

Accordingly, the Court denies American Family's [6] Motion to Dismiss Count III of Plaintiff's Petition Pursuant to 12(b)(6).  The Court also denies American Family's [6] Motion to Strike References to Mo. Rev. Stat. § 375.1007.

So ordered this 8th day of July 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

7